# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 3:18-353 |
| JAMES EUGENE ROUGHT | : | (JUDGE MANNION) |
| Defendant | : | |

## MEMORANDUM

Presently before the court are the following motions filed by the defendant James Eugene Rought ("Rought"): (1) motion *in limine* pursuant to Fed.R.Evid. 801 and 802, (Doc. 39); (2) motion *in limine* pursuant to Fed.R.Evid. 404, (Doc. 63); (3) motion *in limine* pursuant to Fed.R.Crim.P. 16, (Doc. 65); and (4) motion to dismiss Count I of the superseding indictment pursuant to Fed.R.Crim.P. 12(b)(3)(B)(v), (Doc. 67). The matters have been briefed and are ripe for disposition.[1] For the reasons set forth below, the motions will be **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Rought filed an unopposed motion for this court to consider his reply brief in support of his motion *in limine* pursuant to Fed.R.Crim.P.16 *nunc pro tunc*, (Doc. 89), due to an electronic filing issue, which the court granted on October 1, 2019, (Doc. 94).

## I. BACKGROUND

On October 16, 2018, Rought was indicted with one count of distribution and possession with the intent to distribute a controlled substance that resulted in the serious bodily injury of Cara Giberson and the death of Dana Carichner. (Doc. 1). Rought pleaded not guilty to the indictment. (Doc. 11). On June 25, 2019, a superseding indictment was filed against Rought, charging him with an additional count of possession with the intent to distribute a controlled substance and one count of conspiracy to possess with the intent to distribute a controlled substance that resulted in the serious bodily injury of Ms. Giberson and the death of Mr. Carichner. (Doc. 48). On June 28, 2019, Rought pleaded not guilty to the superseding indictment. (Doc. 56).

## II. LEGAL STANDARD

### a. Motions *in Limine*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (citation omitted). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial

judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. July 27, 2017) (citations omitted). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citation omitted).

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

b. **Motion to Dismiss**

"In deciding a motion to dismiss, [the court] must accept factual allegations [in the indictment as true] and disregard legal conclusions to determine whether the alleged facts constitute a crime." *United States v.*

*Harder*, 168 F.Supp.3d 732, 737 (E.D.Pa. 2016) (citing *United States v. Zauber*, 857 F.2d 137, 144 (3d Cir. 1988)). Also, the court "must dismiss counts based on a statutory misinterpretation." *Id.* at 738 (citing *United States v. Enmons*, 410 U.S. 396 (1973) ("dismissing indictment when statute does not proscribe the conduct charged"); *United States v. Ferriero*, 2015 WL 225806, *5 (D.N.J. Jan. 15, 2015) ("[A] district court must find that 'a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'"). "A motion to dismiss is 'not a permissible vehicle for addressing the sufficiency of the government's evidence.'" *Id.* (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000)).

In *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989), the Third Circuit stated,

> An indictment is generally deemed sufficient if it[] (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.

*See also Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Olatunji*, 872 F.2d 1161, 1168 (3d Cir. 1989). The court in *Rankin* also

stated that "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *Rankin*, 870 F.2d at 112.

### III. DISCUSSION

#### a. Motion *in Limine* Pursuant to Fed.R.Evid. 801 and 802

Rule 801(d)(2)(E) provides that a statement is not hearsay when it is offered against an opposing party and was made by the party's coconspirator during the furtherance of the conspiracy. There are four requirements for a statement to be admissible under this exception:

> It must appear: (1) that a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy. The district court must be able to find these requirements by a preponderance of the evidence.

*United States v. McGlory*, 968 F.2d 309, 333 (3d Cir. 1992).

Here, Rought seeks to preclude testimony from Ms. Giberson related to the source from whom Mr. Carichner obtained fentanyl. More specifically, Rought asserts that Ms. Giberson's statements—such as that Mr. Carichner told her he was getting the fentanyl from a person going by the nickname

"Fat Kid," whom she later learned was Rought—constitute inadmissible hearsay. (Doc. 40-1, at 3).

In response, the government asserts that Ms. Giberson's out-of-court statements that Rought was the source of the fentanyl should be admitted under Rule 801(d)(2)(E) because they were statements made in furtherance of the conspiracy. The government asserts, "It has long been held that in a drug conspiracy 'statements of a coconspirator identifying a fellow coconspirator as his source of narcotics are statements made in furtherance of the conspiracy.'" (Doc. 54, at 15-16) (quoting *United States v. Lambros, 564 F.2d 26, 30 (8th Cir. 1977)*). The government further argues that statements regarding the money and location involved and the drug sought furthered the conspiracy because they went toward achieving the conspiracy's objective, to wit, possession of fentanyl with the intent to distribute it. The government observes that the statements may also be considered in the context of verbal acts to the extent they involve planning, directing, or agreement of conspiracy.

The court agrees that the proffered statements are properly characterized as statements of a coconspirator in furtherance of the conspiracy and are legally admissible. Accordingly, the court will **DENY** Rought's motion *in limine*, (Doc. 39).

### b. Motion *in Limine* Pursuant to Fed.R.Evid. 404

Rule 404(b) precludes the admission of other crimes, wrongs, or acts "to prove the character of a person in order to show conformity therewith." However, under Rule 404(b), such evidence is admissible for legitimate evidentiary purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake."

Evidence is admissible under Rule 404(b) if (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

The government is required to provide notice of its intention to introduce evidence pursuant to Rule 404(b). "While Rule 404(b) provides no specific time limit for pretrial notice," the timeframe should "constitute reasonable notice." *Id.*

Here, Rought asserts that he requested notice from the government on October 19, 2018, as to whether it intends to offer evidence under Rule 404(b), but the government has not provided such notice to date. Rought asks that this evidence be ruled inadmissible if the government fails to

provide him reasonable pretrial notice or, alternatively, allow him to move for its exclusion if the government does provide notice.

In response, the government states that it "will endeavor to provide defense counsel with reasonable pretrial notice of Rule 404(b) evidence," but states that such evidence often does not become known until serious trial preparation is underway. The government notes that courts have found notice provided seven days prior to trial, and in some cases less time, can constitute sufficient notice of intent to use Rule 404(b) evidence. However, because trial in this matter is set for October 16, 2019, which is a little more than two weeks away, the court will **GRANT** Rought's motion *in limine*, (Doc. 63), insofar as it seeks information under Rule 404(b), and direct the government to provide him with all material to which he is entitled under Rule 404(b), if it has not already done so, on or before Friday, October 4, 2019.

### c. Motion *in Limine* Pursuant to Fed.R.Crim.P. 16

Rule 16(a)(1)(G) requires the government to "give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence [relating to expert testimony] during its case-in-chief at trial." Fed.R.Crim.P. 16(a)(1)(G).

In this motion, Rought asserts that on October 19, 2016, he requested from the government "[a] written summary of any testimony that [it] intends

to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, including the witness's opinions, the bases and reasons for those opinions, the bases and reasons for those opinions, and the witness's qualifications." (Doc. 66, at 3). Rought contends that the government has yet to provide this information and requests that the court rule such expert testimony inadmissible should the government fail to provide it. Alternatively, if the government does provide such a summary, Rought asks that the court afford him leave to move for exclusion of that testimony *in limine*.

In response, the government states that Rought is already on notice of the expert testimony that it intends to present and that he is already in possession of all records related to this testimony. Specifically, the government states that Dr. Gary Ross, who performed the autopsy of Mr. Carichner, will testify at the trial regarding his findings and as to the matter of death. The government states that this information is contained in the autopsy report. Further, the government states that the toxicology report, which includes the toxicological results of the controlled substances present in Mr. Carichner's body at the time of death, identifies the witness who will testify about its preparation and certification. Finally, the government states that Ms. Giberson will testify and that it will seek to admit her medical records

from her admission at Tyler Memorial Hospital. The government indicates that it is in the process of determining which doctor or nurse it will have testify regarding Ms. Giberson's medical records, but it will provide this information to Rought well in advance of trial such that he will suffer no surprise and will be afforded ample opportunity to challenge any expert or expert testimony identified. Observing that Rule 16 does not provide a specific timing requirement for disclosure, the government argues that courts have found that disclosure less than two weeks prior to trial was sufficient. *See United States v. Burton*, 404 Fed. App'x 617, 624 (3d Cir. 2010) (holding that notice provided two weeks prior to trial was not untimely since the government provided a summary of the expert testimony and because the defendant had been aware of the government's intention to call an expert in the field for several months).

Here, however, because the trial is a little more than two weeks away, the court will **GRANT** Rought's motion *in limine*, (Doc. 65), insofar as it seeks information under Rule 16, and direct the government to provide him with all material to which he is entitled under Rule16, if it has not already done so, by Friday, October 4, 2019.

**d. Motion to Dismiss Count I of the Superseding Indictment**

Count I of the superseding indictment (Doc. 48) charges Rought with conspiracy to possess with intent to distribute a controlled substance, resulting in the death of Mr. Carichner and serious bodily injury of Ms. Giberson in violation of 21 U.S.C. §§841, 846.

Section 841(a)(1) states it is unlawful to "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. §841(a)(1). Section 841(c) indicates that, in the case of a Schedule I or II controlled substance, any person who violates §841(a)(1), "shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life." 21 U.S.C. §841(c).

Section 846 states, "Any person who attempts or conspires to commit any offense defined in this subchapter *shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.*" 21 U.S.C. §846 (emphasis added).

Rought asserts that §846 does not provide that those who conspire to commit the offense set forth in §841(a)(1) will be subject to the same penalties as those provided for the result, in this case death or serious bodily

injury, of the offense that is the object of the conspiracy. Rought notes that in the case of a conspiracy, the agreement to commit an offense is a crime even if the conspirators never achieve their objective, and the government does not have to prove the conspirators committed an overt act in furtherance of the conspiracy.

In this case, Rought asserts that the joinder of "conspiracy to possess" and "resulting in death" in the superseding indictment produces an absurd result that Congress could not have intended. Specifically, Rought argues,

> If such joinder were permitted, then a defendant could, for example, face twenty years minimum imprisonment, even if neither the defendant nor a coconspirator took any overt act in furtherance to possess the fentanyl that caused the death (because an overt act is not required). It would be enough for conviction that the defendant agreed to possess the deadly fentanyl (without taking any step in the direction of possessing it; without actually possessing it; and without actually distributing it).

(Doc. 68, at 5). Section 846's ambiguity as to whether the same penalties apply to those who conspire, Rought argues, should be interpreted in favor of the defendant and, thus, he asserts that Count I should be dismissed.

In response, the government argues that the grand jury found that Rought and his coconspirators achieved the objective of their conspiracy and, by doing so, death and serious bodily injury resulted. The government observes that in *United States v. Robinson*, the Sixth Circuit affirmed a

defendant's 220-month sentence after he pleaded guilty to "conspiracy to distribute fentanyl resulting in [] serious bodily injury under 21 U.S.C. §§841(a)(1), 846," which "carried a twenty-year minimum sentence term under §841(b)(1)(C)." 732 Fed. App'x 405, 410 at n.3 (6th Cir. 2018). The government also cites *United States v. Harden*, wherein the Seventh Circuit set forth the elements of "conspiracy to distribute 100 grams or more of heroin, resulting in death": "[T]he government was required to prove beyond a reasonable doubt that[] (1) Harden conspired to distribute 100 grams or more of heroin; and (2) 'death or serious bodily injury result[ed] from the use of such substance.'" 893 F.3d 434, 445-46 (7th Cir. 2018) (citing 21 U.S.C. §841(b)(1)(B)). The government asserts that a court of appeals "would not likely establish elements for a legally uncongnizable offense." (Doc. 75, at 7).

Further, the government argues that, although the statutory text indicates that intent to cause death or serious bodily is not required, the same criminal offense prescribes a specific penalty if the intended offense results in death or serious bodily injury. Here, because the facts that would increase Rought's mandatory minimum sentence will be submitted to the jury in accordance with *Alleyne v. United States*, 570 U.S. 99 (2013), the government contends that Count I is permissible.

In his reply brief, Rought argues the government simply assumes that where death or serious bodily injury results from the success of achieving the objective of one's conspiracy, Congress has elected to enhance a defendant's sentence. However, Rought argues, this supposition is unsupported by the statutory text which distinguishes between the penalty for the *actus reus* and its results, and it produces absurd results when read in the fashion advanced by the government.

Here, the court disagrees that Count I of the superseding indictment is infirm. Rought provides no authority which holds that §846 must specifically state that the person who conspires will be subject to the same penalties set forth for the results of the offense that is the object of the conspiracy. Moreover, an indictment charging a defendant under both §841(b)(1)(C) and §846 is not without precedent in the Third Circuit. In *Kassick v. United States*, No. 2:00-CR-197, 2005 WL 154431 (M.D.Pa. May 12, 2005), the grand jury returned an indictment for a defendant, charging him with "(1) conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §846; (2) aiding and abetting Kimberly Wills in the distribution of heroin to Michael Dickson, resulting in Dickson's death, in violation of 21 U.S.C. §814(a)(1) and §841(b)(1)(C); and (3) possession with intent to distribute

heroin." The defendant pleaded guilty to the first count and was ultimately sentenced to 130 months in prison.[2]

Similarly, in *United States v. Fritz,* 140 Fed. App'x 383 (3d Cir. 2005) (per curiam), the defendant was convicted by a jury of conspiracy to possess with intent to deliver controlled substances, including heroin, cocaine, and more than fifty grams of crack cocaine, and possession with intent to deliver crack cocaine resulting in the death of a female, in violation of 21 U.S.C. §§846, and 841(a). There, the defendant was sentenced to a term of 360 months imprisonment, which the Third Circuit affirmed on appeal.

Here, Count I likewise alleges that Rought and his coconspirators conspired to distribute fentanyl and, in achieving the objective of the conspiracy, caused death and serious bodily injury. In light of the precedent cited, the court agrees with the government that no specific intent is required under the text of the statute. Accordingly, the court will **DENY** Rought's motion to dismiss Count I of the superseding indictment, (Doc. 67).

---

[2] It appears that the Third Circuit vacated in part, without an opinion, a subsequent decision by the District Court denying a motion by the defendant to vacate, set aside, or correct his sentence. *United States v. Kassick*, 171 Fed. App'x 968 (3d Cir. 2006) (mem.).

## IV. CONCLUSION

Based on the foregoing, the court will **GRANT IN PART** and **DENY IN PART** Rought's four pretrial motions. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 2, 2019**
18-353-02